IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO DEPARTMENT
OF INFORMATION TECHNOLOGY,

    Plaintiff/Petitioner/Counter-Defendant,

v.                                                        Civ. No. 1:21-cv-00244 MIS/SCY

WESTERN AGRICULTURE, RESOURCE AND
BUSINESS ADVOCATES, LLP, and
A. BLAIR DUNN,

       Defendants/Counter-Plaintiffs/
       Third-Party Plaintiffs,

v.

JOHN SALAZAR, Secretary of Department of
Information Technology, and
RENEE ROYBAL, Records Custodian,

       Third-Party Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. On March 19, 2021, Third-Party Defendants removed this civil action from the First Judicial District Court, County of Santa Fe, State of New Mexico, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1 at 2.

A court may examine its subject matter jurisdiction at any time in the proceedings. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). "Because the jurisdiction of federal courts is limited, there is a presumption against [federal court] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The question for removal

jurisdiction must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (recognizing "the principle that federal question generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'") (emphasis in original) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Here, in both the notice of removal and civil cover sheet, Third-Party Defendants rely on federal question jurisdiction as the basis for subject matter jurisdiction. *See* ECF No. 1 at 2; ECF No. 3 at 1. However, Plaintiff's complaint does not contain a federal question. *See* ECF No. 1 at 4–11 (citing various state statutes, including the New Mexico Declaratory Judgment Act, New Mexico Information Technology Act, and New Mexico Inspection of Public Records Act). The claims contained on the face of Plaintiff's complaint are not created by federal law, nor do they require the resolution of a substantial question of federal law. Thus, Plaintiff's claims cannot provide the Court with federal question jurisdiction under 28 U.S.C. § 1331, given that they do not arise under the "Constitution, laws, or treaties of the United States." *See id.*

Defendants' most recently amended answer contains a "third-party complaint pursuant to 42 U.S.C. § 1983." *See* Doc. 4-26 at 5–6. This is the document upon which Third-Party Defendants based their removal of the civil action to this Court. *See* ECF No. 1 at 2. However, removal based on the third-party complaint appears to be contrary to established precedent including, but not limited to, the United States Supreme Court's decision in *Home Depot U.S.A., Inc. v. Jackson*. *See* 139 S. Ct. 1743, 1750 (2019) (third-party defendant cannot remove a civil action under 28 U.S.C. § 1441(a)); *see also Vaden*

*v. Discover Bank*, 556 U.S. 49, 59–60 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim) (citing *Holmes Grp.*, 535 U.S. at 832); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("[A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law.") (quoting *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

In light of the above, the Court believes that subject matter jurisdiction does not exist in this case. However, the Court will order limited briefing regarding this issue, as set forth below.

**IT IS HEREBY ORDERED** that within fourteen (14) days of the date of this Order, one or more of the removing parties shall file a memorandum of points and authorities, of no more than ten pages, showing cause as to why this matter should not be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico. Also, within fourteen (14) days of the date of this Order, any other party may file a memorandum of points and authorities, of no more than ten pages, showing cause as to why this matter should or should not be remanded. No party shall be permitted to file a response or reply, unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE